■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE T. NELSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 4, 1979, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree. Judgment affirmed. No opinion. Kane, J.P., Main, Casey and Yesawich, Jr., JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. At about 8:00 P.M. on March 21, 1979, defendant was observed walking in a northerly direction along the west side of Morningside Drive in Guilderland. It was a cold night. The street was unlighted and visibility, according to Trooper Guiry, was very difficult. The troopers, proceeding in the same direction in an unmarked police vehicle, observed defendant from the rear and from the east side of the street. He wore a corduroy coat. The troopers noted that defendant walked in a hunched manner, the shoulders of his jacket raised up and his chin buried within. There were bulges on both sides of the jacket underneath the arms. The troopers pulled across the street alongside defendant and Trooper Guiry shined a spotlight on the ground and said, "Hi, how are you? What is your name?" Defendant identified himself and looked up and down the street. The trooper exited the vehicle, shined a flashlight on defendant, asked for more identification and, thereupon, noticed a plastic bag containing vegetation protruding from defendant's left chest pocket. The trooper told defendant to empty his pocket. Defendant refused to do so whereupon the trooper told him he was under arrest and physically subdued him when defendant attempted to resist the search. Three other plastic bags with vegetation were seized from his person and, upon a subsequent search, a foil wrapper containing pink pills was found. The trial court denied defendant's motion to suppress the fruits of the search. In its decision, the court held that the trooper was justified in making the initial stop and inquiry of defendant and, upon observing a bag containing green vegetation, was justified in ordering defendant to empty his pockets. The court concluded that defendant's refusal to do so justified the trooper's subsequent action of physically overcoming defendant's resistance to the search. In support of its decision, the court cited *People v Corrado* (22 NY2d 308). It is revealing to note that there the Court of Appeals reversed the conviction of the defendant where police, acting on a tip from an undercover police officer that marihuana would be passed at a given time and location, set up a stakeout. The police viewed an exchange of manila envelopes between two cars at the given location and time. The court held that the forcible stop of defendant's car and its search were unjustified since the circumstances did not entitle the police to draw an inference of criminality. The *Corrado* case lends no support to the decision of the trial court but leads rather to the contrary conclusion that the innocuous circumstances of the instant case did not justify the stop and search of the defendant. In an incisive pronouncement on the question of an officer's right to make inquiry of private citizens for information in the absence of any concrete indication of criminality, the Court of Appeals in *People v De Bour* (40 NY2d 210) stated that there must be some articulable reason sufficient to justify the police action which was undertaken. When police officers are engaged in their criminal law enforcement function, their ability to approach people is circumscribed by the manner and intensity of the interference, the gravity of the crime involved and the circumstances attending the encounter. Thus, to be considered first is the question of whether or not the

police action was justified in its inception and, secondly, whether or not that action was reasonably related in scope to the circumstances which render its initiation permissible. The police may not justify a stop by subsequently acquired suspicion resulting from the stop. In the instant case, there was nothing to arouse police interest in the defendant. There was no reported criminal activity afoot, the area was not one of high incidence of crime, the hour was early and defendant's walk and manner of dress were entirely normal and appropriate for a brisk March night. The bulge under defendant's arms was an insignificant circumstance. I conclude that the police had no reason to stop defendant. The subsequent sighting of contraband by the officer which obviously justified his hunch or suspicion of the defendant cannot be used as the exoneration for the initial illegal stop *(People v Howard,* 50 NY2d 583). The motion to suppress should be granted.